IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICARDO OSES, | ) |
|           Plaintiff, | )   Case No. 13-cv-6096 |
| v. | )   COMPLAINT |
| CORELOGIC SAFERENT, LLC | ) |
|           Defendant. | )   (Jury Trial Demanded) |

## COMPLAINT

Plaintiff, Ricardo Oses ("Oses"), complains against CoreLogic SafeRent, LLC ("CoreLogic") as follows:

### Introduction

1. Oses brings this claim against CoreLogic ("CoreLogic") for monetary damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. CoreLogic reported inaccurate and outdated criminal information about Oses, in violation of 15 U.S.C. § 1681c(a), causing Chicago Apartment Finders to deny him a job as a leasing agent. Then, after Oses brought the inaccurate and outdated information to CoreLogic's attention, CoreLogic refused to correct its report.

### Parties

2. Plaintiff Oses is a resident of the Northern District of Illinois and Cook County. He is a consumer as that term is defined by FCRA. 15 U.S.C. § 1681a(c).

3. Defendant CoreLogic, a Delaware limited liability company headquartered in California, is a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C.

§ 1681a(f). CoreLogic regularly assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

## Jurisdiction and Venue

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. CoreLogic procured criminal record information about Oses from courts in this judicial district in order to create a consumer report about him. CoreLogic also sent a consumer report about Oses to an employer located in this judicial district. Finally, Oses was fired from a job in this judicial district because of CoreLogic's consumer report.

## Factual Allegations

6. In June 2013, Chicago Apartment Finders offered Oses a job working as a leasing agent.

7. On June 12, 2013, Chicago Apartment Finders obtained a criminal background check report about Oses from CoreLogic for employment purposes.

8. CoreLogic's criminal background check report incorrectly stated that in 1991 Oses was convicted of felony robbery in Cook County case number 91C33034901.

9. Oses was never convicted of felony robbery, although he was the subject of the criminal charge listed in case number 91C33034901.

10. In that case, Oses was charged with a drug offense, and it was eventually dismissed pursuant to 720 ILCS 570/410.

11. Under Illinois law, when an individual successfully completes first-offender drug probation, pursuant to 720 ILCS 570/410, the court discharges and dismisses the proceedings against the individual, and no judgment of conviction is entered against him or her. *See* 720 ILCS 570/410 ("discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime.").

12. Oses was never convicted of a drug offense in Illinois because his criminal charges were dismissed when he successfully completed first offender drug probation.

13. Shortly after receiving a criminal background check report about Oses from CoreLogic, Chicago Apartment Finders withdrew Oses' job offer.

14. A few days after Chicago Apartment Finders informed him about a problem with his background check report, Oses called CoreLogic and disputed the accuracy of its report. He informed CoreLogic that he had never been charged with robbery, let alone convicted of that offense.

15. CoreLogic reinvestigated Oses' criminal record in light of his dispute, but after reviewing the record, it concluded that its original report was accurate.

16. On June 19, 2013, CoreLogic verified to Chicago Apartment Finders the accuracy of its original report.

17. Subsequently, Oses went to the office of the Cook County Clerk of the Circuit Court to obtain clarification about the content of his criminal record.

18. The Clerk's office informed Oses that he was the subject of the criminal charge listed in case number 91C33034901, but that he was charged with drug offense, not felony

3

robbery. The Clerk's office also informed him that he had never been convicted of a criminal offense.

19. While he was still at the Clerk's office, Oses called CoreLogic and disputed the accuracy of his report a second time.

20. Oses asked a representative of the Clerk's office to take the phone and speak with CoreLogic about its inaccurate report.

21. The representative of the Clerk's office informed CoreLogic that Oses was never charged with felony robbery and that the 1991 drug offense did not result in a conviction.

22. On June 27, 2013, CoreLogic amended Oses' criminal background check report. The report no longer stated that Oses was convicted of felony robbery, but the amended report nevertheless stated that Oses was found guilty of a drug offense.

23. On July 19, 2013, Oses' attorney wrote CoreLogic a letter explaining that Oses' criminal background check report was inaccurate because Oses had never been convicted of a criminal offense. Oses' attorney also requested a full copy of Oses' consumer file.

24. CoreLogic acknowledged receiving the July 19 letter, but never responded substantively to the letter.

25. When CoreLogic issued a consumer report about Oses in June 2013, it had no procedures in place to identify what kinds of criminal dispositions constitute a criminal conviction under Illinois law and was not aware that a sentence of probation under 720 ILCS 570/410 did not constitute a criminal conviction.

## Fair Credit Reporting Act Requirements

26. Pursuant to the FCRA, a criminal background check report that is obtained for employment purposes is a consumer report. 15 U.S.C. § 1681a(d).

27. CoreLogic is a consumer reporting agency because it regularly assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. 15 U.S.C. § 1681a(f).

28. FCRA prohibits a consumer reporting agency from including adverse criminal record information in a consumer report if the information predates the report by more than seven years and the information is not a record of conviction. 15 U.S.C. § 1681c(a)(5).

29. FCRA requires a consumer reporting agency to conduct a reasonable reinvestigation of the information in a consumer's file if the consumer disputes the completeness or accuracy of the report. That reinvestigation must occur within thirty days of the notice of the dispute.

30. FCRA requires a consumer reporting agency, upon request, to provide a consumer all information in the consumer's file at the time of the request.

### Count One – 15 U.S.C. 1681c(a)

31. Plaintiff realleges and incorporates by reference paragraphs 1-30 of this Complaint as if fully set forth herein.

32. CoreLogic willfully reported outdated criminal record information about Oses, in violation of 15 U.S.C. § 1681c(a).

33. CoreLogic's willful violation of 15 U.S.C. § 1681c(a) caused damages to Oses for which damages CoreLogic is liable under 15 U.S.C. § 1681n.

34. In the alternative, CoreLogic negligently reported outdated criminal record information about Oses, in violation of 15 U.S.C. § 1681c(a).

35. CoreLogic's negligent violation of 15 U.S.C. § 1681c(a) caused damages to Oses for which damages CoreLogic is liable under 15 U.S.C. § 1681o.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award actual and punitive damages against Defendant to Plaintiff as provided in 15 U.S.C. § 1681n;

B. Award actual damages against Defendant to Plaintiff as provided in 15 U.S.C. § 1681o.

C. Award Plaintiff his attorneys' fees pursuant to 15 U.S.C. § 1681n;

D. Award Plaintiff his costs pursuant to 28 U.S.C. § 1920; and

E. Grant all such additional relief as the Court deems appropriate.

**Count Two – 15 U.S.C. 1681i**

36. Plaintiff realleges and incorporates by reference paragraphs 1-30 of this Complaint as if fully set forth herein.

37. CoreLogic willfully and repeatedly failed to conduct a reasonable reinvestigation of the accuracy of Oses' consumer report, in violation of 15 U.S.C. § 1681i.

38. CoreLogic's willful violations of 15 U.S.C. § 1681i caused damages to Oses for which damages CoreLogic is liable under 15 U.S.C. § 1681n.

39. In the alternative, CoreLogic negligently failed to conduct a reasonable reinvestigation of the accuracy of Oses' consumer report, in violation of 15 U.S.C. § 1681i.

40. CoreLogic's negligent violations of 15 U.S.C. § 1681i caused actual damages to Oses for which damages CoreLogic is liable under 15 U.S.C. § 1681o.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.    Award actual and punitive damages against Defendant to Plaintiff as provided in 15 U.S.C. § 1681n;

    B.    Award actual damages against Defendant to Plaintiff as provided in 15 U.S.C. § 1681o.

    C.    Award Plaintiff his attorneys' fees pursuant to 15 U.S.C. § 1681n;

    D.    Award Plaintiff his costs pursuant to 28 U.S.C. § 1920; and

    E.    Grant all such additional relief as the Court deems appropriate.

### Count Three – 15 U.S.C. 1681g

41. Plaintiff realleges and incorporates by reference paragraphs 1-30 of this Complaint as if fully set forth herein.

42. CoreLogic willfully refused to provide Oses a full file disclosure, in violation of 15 U.S.C. § 1681g.

43. CoreLogic's willful violation of 15 U.S.C. § 1681g renders it liable to Oses under 15 U.S.C. § 1681n.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.    Award statutory and punitive damages against Defendant to Plaintiff as provided in 15 U.S.C. § 1681n;

    B.    Award Plaintiff his attorneys' fees pursuant to 15 U.S.C. § 1681n;

    C.    Award Plaintiff his costs pursuant to 28 U.S.C. § 1920; and

    D.    Grant all such additional relief as the Court deems appropriate.

### Jury Demand

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

s/ Christopher J. Wilmes
One of the Attorneys for Plaintiffs

Matthew J. Piers (IL Bar # 2206161)
Christopher J. Wilmes (IL Bar # 6287688)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100