# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICARDO OSES, | ) |
| Plaintiff, | ) |
| | ) No. 13 C 6096 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| CORELOGIC SAFERENT, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ricardo Oses, sues defendant, CoreLogic SafeRent, LLC ("SafeRent"), for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., by providing an erroneous background check to a prospective employer. This case is before the Court on defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court grants the motion.

## BACKGROUND

**Local Rule 56.1**

Local Rule 56.1 requires a party moving for summary judgment to provide "a statement of material facts as to which [he] contends there is no genuine issue." Local R. 56.1(a)(3). It also requires the opposing party to file "a concise response to the movant's statement" that includes, "in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local R. 56.1(b)(3)(B). In addition, it states that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local R. 56.1(b)(3)(C). Together with its motion for summary judgment, defendant served on plaintiff a "Notice to Pro

Se Litigant Opposing Motion for Summary Judgment," as required by the Court's Local Rules and circuit precedent. (*See* Notice Pro Se Litigant, ECF No. 77.) The notice explained in detail the requirements of Local Rule 56.1 and warned plaintiff of the consequences of failing to controvert the facts set forth in the moving party's statements. (*See id.*) Despite the warning, plaintiff did not file a response to defendant's Local Rule 56.1 Statement, nor did he file a response brief. Accordingly, the Court deems him to have admitted all facts defendant asserts in those Statements to the extent that there is evidentiary support for those facts in the record. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); *see Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[E]ven *pro se* litigants must follow rules of civil procedure."); *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1108 (7th Cir. 2004) ("We have emphasized the importance of local rules and have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.") (alteration and quotation omitted).

**Factual Background**

On May 16, 2013, plaintiff sought employment as an agent with Chicago Apartment Finders ("CAF"). (Def.'s LR 56.1(a)(3) Stmt. ¶ 6, ECF No. 76.) On his employment application, plaintiff checked the "no" box in answer to the question, "Have you ever been convicted, or plead [*sic*] guilty to a misdemeanor or felony?" (*Id.*, Ex. B.) As part of the employment application, plaintiff signed a form authorizing CAF to search his criminal history. (*Id.*) On May 17, 2013, CAF offered plaintiff a position, but the offer was contingent on passing the background check. (*Id.*, Ex. A, Pl.'s Dep., Dep. Ex. 4, ECF No. 76-1, at 55.)

CAF engaged defendant to perform a criminal background search on plaintiff, and defendant's search revealed that plaintiff had a criminal record. (*Id.*, ¶¶ 10-11.) On June 12,

2

2013, CAF notified plaintiff of defendant's report, which indicated that plaintiff had been convicted of robbery, a felony, and asked him to verify whether the report was correct. (*Id.*, Ex. A, at 52; *id.*, Ex. E, CAF Dep., at 20, ECF No. 76-5; *id.*, Ex. F.) Plaintiff denied that he had ever been convicted or even charged with robbery at any time and insisted that he was not a felon, although he admitted that defendant's report bore his name, address, and the last four digits of his social security number. (*Id.*, Ex. F.)

Plaintiff attempted to clear up the issue of the disputed report with defendant while he trained for employment with CAF. (*Id.*, ¶ 14.) On June 17, 2013, he called defendant and claimed that the case that appeared on his report was not his. (*Id.*, ¶ 18.) Defendant verified, however, that the name and date of birth of the criminal defendant in the case in question, Circuit Court of Cook County case number 91C33034901, were plaintiff's. (*Id.*, ¶ 19.) Plaintiff persisted in disputing the report, despite all indications that he was the criminal defendant in that case. (*Id.*, ¶¶ 20-21.) Further investigation showed that, although plaintiff was indeed the criminal defendant in case number 91C33034901, the offense had been incorrectly described as robbery and should have been rendered as "Drug Possession/Use." (*Id.*, ¶ 22.) Defendant amended its criminal history report on June 26, 2013. (*Id.*, ¶ 23.)

On June 27, 2013, plaintiff sent an email to Linda Yarzagaray, the human resources director at CAF, and Rob Richmond, the director of leasing (*id.*, Ex. E, at 9, 20), in which he explained that he was "the subject of a bogus police sting operation" in 1991, and, as a result, he pleaded guilty to a drug charge (*id.*, Ex. G). He received a sentence of first-offender probation (*id.*, Ex. D, Dec. of Salvatore Giannola, ECF No. 76-4, at 8), and he believed that anyone who successfully completed this type of probation "did not get a conviction" on his record (*id.*, Ex.

G). He had never disclosed this incident to CAF at any point in the application, interview, or training process, and CAF rescinded his offer of employment. (*Id.*, Ex. G.)

Plaintiff retained counsel, and on July 19, 2013, his attorney sent a letter to defendant, demanding that defendant provide plaintiff with a copy of his "consumer file." (*Id.*, ¶ 24.) Defendant does not state whether it made any response to this letter, but it states that, under the FCRA, it cannot provide a file disclosure without proof of authorization and the consumer's identity. (*Id.*, Ex. D, at ¶ 9.)

## DISCUSSION

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the court may not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

In his amended complaint, plaintiff raises claims under various sections of the FCRA for (1) reporting outdated information, 15 U.S.C. § 1681c(a); (2) failing to notify plaintiff that it was reporting public record information about him or to maintain strict procedures to ensure that its information was complete and up to date, § 1681k; (3) failing to conduct a reasonable reinvestigation upon notice of a dispute, § 1681i; and (4) failing to provide plaintiff with a full file disclosure, § 1681(g).

## I.     OUTDATED INFORMATION (15 U.S.C. § 1681c)

Plaintiff claims that defendant violated the FCRA by reporting stale information about plaintiff's criminal background. The FCRA provides as follows, in relevant part:

> (a) Information excluded from consumer reports
>
> . . . [N]o consumer reporting agency may make any consumer report containing any of the following items of information:
> . . . .
> **(2)** Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.
> . . . .
> **(5)** Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c. Thus, the FCRA bars the reporting of criminal background information other than "records of conviction," such as "records of arrest," if the information is more than seven years old. Plaintiff contends that, for purposes of private employment, he was not actually convicted of any offense in case number 91C33034901 because he was sentenced to first-offender probation under 720 Ill. Comp. Stat. 570/410, which provides that "[a] disposition of probation is considered to be a conviction for the purposes of imposing the conditions of probation and for appeal, however, discharge and dismissal under this Section is not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." (Am. Compl., ¶ 29.) According to plaintiff, he completed his probation satisfactorily, so the disposition of his case is properly characterized as "discharge and dismissal," not a "conviction," and the FCRA's seven-year limitations period applies.

Defendant contends that the seven-year limitations period does not apply to case number 91c33034901 because that case did result in a conviction. The Court agrees. Section 410 of the Illinois Controlled Substances Act does not provide that an offender who satisfactorily completes his probation must be treated, for all purposes, as if he were never convicted; rather, by its express terms, it provides that the disposition is "not a conviction for purposes of this Act or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime." Courts

5

have interpreted identical language in other Illinois statutes to have the effect of granting offenders some "privileges otherwise withheld from a convicted person," but not "eras[ing] the [offender's] criminal conduct from the time-space continuum or foreclos[ing] all consequences of the [offender's] prior misdeeds." *McNamara v. HireRight Sols., Inc.*, No. 13 C 5215, 2014 WL 321790, at *4 (N.D. Ill. Jan. 29, 2014) (citing *United States v. Jones,* 448 F.3d 958, 961-62 (7th Cir. 2006) (internal quotations omitted)); *see also Gill v. Ashcroft*, 335 F.3d 574, 576 (7th Cir. 2003) (probation under section 410 is a conviction for federal immigration purposes). Private employment is not "one of the rights statutorily denied to convicts and is thus not protected from impairment" under Section 410; employers are free to consider plaintiff's guilty plea in making hiring decisions, and it follows that credit reporting agencies are free to report that he was duly convicted and sentenced. *See McNamara*, 2014 WL 321790, at *5 (citing *Beard v. Sprint Spectrum, LP*, 833 N.E.2d 449, 452 (Ill. App. Ct. 2005)).

Nothing in Illinois law or the FCRA supports plaintiff's position that his sentence of probation may not be considered a conviction for purposes of a criminal background search conducted at the behest of a private employer. Because the records of case number 91C33034901 are records of a conviction, the seven-year time limitation of 15 U.S.C. § 1681c does not apply. Defendant's motion for summary judgment on plaintiff's § 1681c claim is granted.

## II. NOTIFICATION AND MAINTENANCE OF STRICT PROCEDURES (15 U.S.C. § 1681k)

Plaintiff claims that defendant failed to notify him that it was reporting information about him to CAF or to maintain strict procedures to ensure that the information it reported was complete and up to date, as required under § 1681k. Defendant contends that it is entitled to summary judgment because (1) the undisputed facts show that it did maintain strict procedures,

6

and (2) plaintiff cannot prove that he was actually damaged by any alleged violation of § 1681k, which provides as follows:

> A consumer reporting agency which furnishes a consumer report for employment purposes . . . shall--
> **(1)** at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
> **(2)** maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k. A consumer reporting agency must comply with one of the two prongs of § 1681k(a); it need not do both. Defendant can prevail on its summary judgment motion if it can demonstrate that there is no genuine issue of fact as to whether it complied with at least one of the two prongs.

Defendant focuses on the second prong, arguing that it is entitled to summary judgment on the issue of whether it maintained strict procedures because it is "undisputed that a SafeRent employee traveled to the Cook County courthouse and collected the record at issue using its standard procedures for transcribing and auditing information from the courts." (Mem. Supp. Summ. J., at 12 (citing Defs.' LR 56.1(a)(3) Stmt., Ex. D, ECF No. 76-4, ¶ 3.)) Undisputed evidence that the consumer reporting agency communicated directly with the relevant court, even over the telephone, has been held to entitle a consumer reporting agency to summary judgment on the issue of whether it maintained sufficiently strict procedures to insure that its reports are complete and up-to-date. *Moore v. First Advantage Enter. Screening Corp.*, No. 4:12 CV00792, 2013 WL 1662959, at *4-7 (N.D. Ohio Apr. 17, 2013). Plaintiff provides no reason to deviate from that conclusion in this case, nor does the Court see any. Here, defendant

7

employed stricter procedures than the consumer reporting agency in *Moore* by sending an employee to the Cook County Clerk's Office in person to review the records of plaintiff's criminal case, rather than making a phone call. Defendant says nothing of how its report managed to get the crime wrong, but this error is of no significance for purposes of § 1681k(a)(2), which concerns only the strictness of the procedures the defendant maintains, not any errors it may have committed in spite of those procedures. *Moore*, 2013 WL 1662959, at *6.

In fact, although defendant does not specifically so argue, defendant may be entitled to summary judgment for the additional reason that its report was "complete and up to date," within the meaning of § 1681k, notwithstanding the fact that it misstated the crime plaintiff committed. Under § 1681(k)(2), consumer reporting agencies such as defendant must "(1) maintain strict procedures *in order to* (2) guarantee that the information in every consumer report furnished is complete and up to date." *Farmer v. Phillips Agency, Inc.*, 285 F.R.D. 688, 696 (N.D. Ga. 2012). It follows that, to prevail under § 1681(k)(2), a consumer must show that the consumer reporting agency "failed to maintain strict procedures *and* disclosed a consumer report about that consumer which was incomplete or not up to date." *Id.* The statute defines "items of public record relating to arrests, indictments, [and] convictions" as "up to date" if the report shows the "current public record status" of each item. 15 U.S.C. § 1681k(a)(2). In an opinion letter that courts have cited as persuasive authority, *see, e.g.*, *Farmer*, 285 F.R.D. at 696-97, *Poore v. Sterling Testing Sys., Inc.*, 410 F. Supp. 2d 557, 572 (E.D. Ky. 2006), the FTC has explained that reporting the "current public record status" of an item means including all the latest developments in a case:

> For example, if the [credit reporting agency] reports an indictment, it must also report any dismissal or acquittal available on the public record as of the date of the report. Similarly, if the [credit reporting agency] reports a conviction, it must report a reversal that has occurred on appeal.

8

FTC, Division of Financial Practices, Fair Credit Reporting Act Staff Opinion Letter, 1999 WL 33932137, at *1. This is not a case in which there was a later development such as a dismissal, acquittal, or reversal, subsequent to a reported arrest, indictment, or conviction, that defendant failed to report; rather, under the FTC's interpretation, defendant accurately reported the current public record status of the case, which is that plaintiff was convicted and his sentence was discharged, and there were no other relevant, material details that defendant should have reported.

In any case, the Court agrees with defendant that even if there were any genuine issue of fact as to whether defendant employed strict procedures or its information was complete and up to date, plaintiff has failed to show how he was damaged by any erroneous reporting that might have violated the FCRA. The undisputed facts show that, although CAF was especially concerned about the conviction in plaintiff's background because it has "strict restrictions again[st] any theft charges," CAF gave plaintiff the opportunity to explain and clear up the conviction on his record. (Def.'s LR 56.1(a)(3) Stmt., Ex. F.) CAF only rescinded plaintiff's offer of employment when it learned that he had not disclosed on his employment application that he had pleaded guilty to a felony, and after it had observed that plaintiff seemed to be concealing something by answering questions about his background in a "slippery" manner and that he was a "cultural misfit" at CAF who gave other employees a "bad vibe." (*Id.*, ¶ 17; *id.*, Ex. E, at 18, 25, 29-31; *id.*, Ex. G.) The fact that defendant's initial report wrongly indicated that plaintiff had been convicted of robbery, which was the only erroneous aspect of defendant's reporting, ultimately played no role in his termination. *See Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001) (under FCRA, plaintiff cannot prevail "[w]ithout a causal relation

between the violation of the statute and the [alleged] harm"). Defendant's motion for summary judgment is granted as to plaintiff's § 1681k claim.

**III.     REINVESTIGATION OF DISPUTED INFORMATION (15 U.S.C. § 1681k)**

Under 15 U.S.C. § 1681i, a consumer reporting agency has a duty to "conduct a reasonable reinvestigation" of any information in a report that a consumer disputes as incomplete or inaccurate. Plaintiff claims that defendant violated this section of the FCRA by failing to conduct a reasonable reinvestigation after receiving notice from plaintiff that the report it submitted to CAF contained inaccurate information.

Defendant contends that it is entitled to summary judgment because the undisputed facts show that defendant's reinvestigation was reasonable based on the notice that it received from plaintiff. The dispute plaintiff raised with defendant concerned whether he was the criminal defendant in case number 91C33034901, not whether the report falsely represented that he had been convicted of robbery. (Defs.' LR 56.1(a)(3) Stmt., ¶¶ 18-20.) Plaintiff complained to defendant that "the criminal report is not his" (*id.*, Ex. D, Ex. 3), but defendant's records show that it contacted the Clerk of the Circuit Court of Cook County and confirmed that the "name and [date of birth] on the case matches [the] consumer and is being accurately reported" (*id.*, Ex. D, Ex. 2). Plaintiff persisted in contacting defendant numerous times to assert that he was not the defendant in case number 91C33034901, and each time defendant diligently attempted to verify the information until it ultimately learned that, although plaintiff was the criminal defendant in that case, he had been convicted of drug possession, not robbery. (*Id.*, Ex. D, Exs. 2-5.) Defendant issued a corrected report on June 26, 2013, nine days after it first received notice of the dispute. (*Id.*)

These undisputed facts show that defendant faithfully discharged its obligation to conduct a reasonable reinvestigation of the information that plaintiff disputed, and there is no genuine

issue of fact precluding summary judgment for defendant on plaintiff's § 1681i claim. *See Miller v. Johnson & Johnson, Janssen Pharm., Inc.*, 80 F. Supp. 3d 1284, 1296-97 (M.D. Fla. 2015) (granting summary judgment under similar circumstances); *Boothe v. TRW Credit Data*, 768 F. Supp. 434, 438 (S.D.N.Y. 1991) (same). A reasonable reinvestigation need not extend beyond the scope of the dispute plaintiff raised. *See Scheel-Baggs v. Bank of Am.*, 575 F. Supp. 2d 1031, 1041 (W.D. Wis. 2008). Plaintiff disputed only that he was the criminal defendant in the report defendant had issued; defendant was not required to identify inaccuracies plaintiff himself had not identified. *See id.* Even so, defendant's reinvestigation was thorough enough to catch the error and correct it in a short period of time. Its reinvestigation was more than reasonable. *See Miller*, 80 F. Supp. 3d at 1296-97; *Boothe*, 768 F. Supp. at 438. Defendant's motion is granted as to plaintiff's § 1681i claim.

## IV.  FILE DISCLOSURE (15 U.S.C. § 1681g)

Under 15 U.S.C. § 1681g, a consumer reporting agency is required to provide a consumer with a disclosure of his full file upon request, provided that "the consumer furnish[es] proper identification," 15 U.S.C. § 1681h. Plaintiff claims that defendant violated § 1681g by failing to disclose his full file to him in response to his attorney's July 19, 2013 letter.

The disclosure obligation described in § 1681g and § 1681h is an obligation consumer reporting agencies owe to the *consumer*, and it must be interpreted in light of the FCRA's stated purpose "to induce credit reporting agencies to adopt 'reasonable procedures' in their use of credit information . . . to ensure, among other things, the 'confidentiality . . . of such information.'" *Guimond v. Credit Bureau Inc. of Ga.*, 955 F.2d 41 (4th Cir. 1992) (unpublished table decision), 1992 WL 33144, at *2 (quoting 15 U.S.C. § 1681(b)). The FCRA does not require a consumer reporting agency to disclose a consumer's file to or at the behest of a lawyer merely because the lawyer claims in a letter to represent the consumer. *See A-1 Credit & Assur.*

*Co. v. Trans Union Credit Info. Co.*, 678 F. Supp. 1147, 1151 (E.D. Pa. 1988) (consumer reporting agency "entitled to protect itself against claims of improper disclosure" by refusing to disclose consumer's file to third-party agent claiming to hold consumer's power of attorney). There is no evidence that plaintiff's attorney provided any proof of authorization to request disclosure on behalf of plaintiff, other than his own bare assertions to that effect in his letter, and even if he did, defendant would be within its rights in requiring plaintiff to make the request himself. Defendant was not required to respond to a request for disclosure that, on its face, came not from the consumer himself but by someone who claimed to represent him. Defendant is entitled to summary judgment on plaintiff's § 1681g claim.

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment [74] is granted. Civil case terminated.

**SO ORDERED.**                                      **ENTERED: March 22, 2016**

**HON. JORGE L. ALONSO**
**United States District Judge**